IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-00111-MW-HTC

ALACHUA COUNTY EDUCATION
ASSOCIATION, et al.

    Plaintiff,

v.

DONALD J. RUBOTTOM, et al.

    Defendants.
_____/

**DEFENDANT SCHOOL BOARD OF ALACHUA COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, The School Board of Alachua County ("SBAC"), through undersigned counsel, answers the correspondingly numbered paragraphs of Plaintiffs' Second Amended Complaint as follows:

## I. NATURE OF THE ACTION

1. Admit that Florida Senate Bill 256 ("SB 256") revised Florida's public-sector collective bargaining law. Admit that SB 256 does not impact law enforcement officers, correctional officers, or correctional probation officers as those terms are defined in § 943.10(1), (2), or (3), respectively, or firefighters as defined in § 633.102. Admit that SB 256 enacts new provisions for unions representing

1

teachers, education support professionals, and other public sector employees. Deny the remaining allegations of this paragraph.

2. Deny the first and second sentences of this paragraph. Without knowledge of the third and fourth sentences of this paragraph.

3. Without knowledge.

4. Deny.

5. Without knowledge.

## II. JURISDICTION AND VENUE

6. SBAC admits the jurisdiction of this Court.  Deny the remaining allegations of this paragraph.

7. SBAC admits venue is proper.  Deny the remaining allegations of this paragraph.

## III. PARTIES

8. Admit that ACEA is certified by the Florida Public Employees Relations Commission ("PERC") as the collective bargaining representative of Pre-K-12 educators and education support professionals employed by the Alachua County Public Schools ("ACPS") and that ACEA negotiates collective bargaining Admitments ("CBAs") with

SBAC, and represents Pre-K-12 educators and education support professionals under those CBAs. Without knowledge as to the remainder of the paragraph.

9.  Admit the first and second sentences of this paragraph. Deny the remaining allegations of this paragraph.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. This paragraph contains no allegation requiring SBAC's response.

28. Without knowledge.

29. This paragraph contains no allegation requiring SBAC's response.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

33. Without knowledge.

34. Admit that SBAC has legal authority over operation of the public schools in Alachua County, is party to the CBAs with Plaintiff ACEA, and has authority to comply with the provisions of its CBAs with Plaintiff ACEA. Without knowledge as to the remaining allegations of this paragraph.

35. This paragraph contains no allegation requiring SBAC's response.

36. This paragraph contains no allegation requiring SBAC's response.

37. This paragraph contains no allegation requiring SBAC's response.

## IV. FACTS

### A. SB 256 Makes Drastic Changes to Florida's Collective-Bargaining System, But Only for Disfavored Unions

38. Admit.

39. Admit.

40. Admit that SB 256 revised Florida's public-sector union collective bargaining requirements, absent bargaining units with law enforcement officers, correctional officers, correctional probation officers or firefighters, as defined in §§ 943.10 and 633.102. Deny the remaining allegations of this paragraph.

(1) Deny.

41. Deny.

42. Admit that Plaintiffs have accurately cited portions of Fla. Stat. § 447.401. Without knowledge of the remaining allegations of this paragraph.

43. Admit that § 1 of SB 256 requires affected public employee organizations to include "the name and total amount of salary, allowances, and other direct or indirect disbursements, including reimbursements, paid to each of the five highest compensated officers and employees of the employee organization disclosed under s. 447.305(2)(c)." Deny the remaining allegations of this paragraph.

44. Deny.

(2) Deny.

45. Admit.

46. Admit that Section 3 of SB 256 (2023) amends Fla. Stat. § 447.303 to disallow a public employer's collection of dues and assessments from employees

via payroll deduction on behalf of affected unions. Deny the remaining allegations of this paragraph.

47. Admit that Section 3 of SB 256 (2023) disallows a public employer's collection of dues and assessments from employees via payroll deduction on behalf of affected unions. Deny the remaining allegations of this paragraph.

48. Admit that prior to the enactment of SB 256, Florida's Public Employees Relations Act ("PERA"), specifically Fla. Stat. §§ 447.307, 447.308 (2022), allowed a certified bargaining representative to continue in that role unless and until bargaining unit employees raised a question as to the representative's majority support and a majority of unit members voted in a PERC-conducted election to decertify the representative. Admit that, pursuant to Fla. Stat. § 1012.2315(4)(c) (2022), unions representing K-12 teachers in public schools were required to include in its annual registration statement the number of employees in the unit and the number of those employees who paid dues to the union, and a petition PERC for recertification as a bargaining agent if a K-12 educator union's annual registration statement showed that less than 50% of unit employees paid dues. Without knowledge of the remaining allegations of this paragraph.

49. Admit that Section 4 of SB 256, as evidenced in Fla. Stat. § 447.305(2), amends PERA's provisions relating to public employee unions' obligations to

6

file annual registration statements with PERC and to require affected unions, as of October 1, 2023, to provide, in its annual registration statements, audited financial statements, certified by an independent certified public accountant, the number of employees in the bargaining unit, and the number of unit employees who are and are not paying dues. Admit that Section 4 of SB 256 provides that if such a report shows that fewer than 60% of the unit employees pay dues to the affected union, that union must petition PERC for recertification in order to continue in its role as collective bargaining representative. Deny the remaining allegations of this paragraphs.

### B. PERC'S Implementation Plan for SB 256

50. Admit.

51. Admit.

52. Admit.

53. Without knowledge.

54. Without knowledge.

55. Without knowledge.

56. Without knowledge.

57. Admit.

**C. The Injuries Caused by the Challenged Provisions of SB 256 and How They Are Redressable Through the Remedies Sought in this Lawsuit**

58. Without knowledge.

59. Without knowledge.

60. Without knowledge.

61. Without knowledge.

62. Without knowledge.

63. Without knowledge.

64. Without knowledge.

65. Without knowledge.

66. This paragraph contains no allegation requiring SBAC's response.

67. Without knowledge.

68. Without knowledge.

69. Without knowledge.

70. Deny.

71. Deny.

72. Deny.

73. Without knowledge.

74. Without knowledge.

75. Without knowledge.

76. Without knowledge.

77. Without knowledge.

78. Without knowledge.

79. Without knowledge.

80. Without knowledge.

81. Without knowledge.

82. Without knowledge.

83. Without knowledge.

84. Without knowledge.

85. Without knowledge.

86. Without knowledge.

87. Without knowledge of the first sentence of this paragraph. Deny the remaining allegations of this paragraph.

88. Without knowledge.

89. Without knowledge.

90. Without knowledge.

91. Without knowledge.

92. Without knowledge.

93. Without knowledge.

94. Without knowledge.

95. Without knowledge.

## COUNT I:
## VIOLATION OF THE FIRST AMENDMENT: FREE SPEECH
### (SECTION 1 OF SB 256)

96. SBAC incorporates and re-alleges its responses to paragraphs 1-8, 10-14, 16, 18, 20, 22-27, 29-44, 50-73 above by reference as if fully set forth herein.

97. Admit.

98. Without knowledge.

99. Without knowledge.

100. Deny.

101. Without knowledge.

## COUNT II: VIOLATION OF THE FIRST AMENDMENT: FREEDOM OF ASSOCIATION
### (SECTION 1 OF SB 256)

102. SBAC incorporates and re-alleges its responses to paragraphs 1-8, 10-14, 16, 18, 20, 22-27, 29-44, 50-73 above by reference as if fully set forth herein.

103. Admit.

104. Without knowledge.

105. Deny.

106. Without knowledge.

107. Without knowledge.

108. Without knowledge.

## COUNT III: VIOLATION OF THE FOURTEENTH AMENDMENT
### (SECTION 1 OF SB 256)

109. SBAC incorporates and re-alleges its responses to paragraphs 1-8, 10-14, 16, 18, 20, 22-27, 29-44, 50-73 above by reference as if fully set forth herein.

110. Admit.

111. Admit the first and third sentences of this paragraph. Deny the second sentence of this paragraph.

112. Deny.

113. Without knowledge.

## COUNT IV: VIOLATION OF ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION
### (SECTION 3 OF SB 256)

114. SBAC incorporates and re-alleges its responses to paragraphs 1-9, 11-13, 15-27, 29-40, 45-47, 50-57, 74-84 above by reference as if fully set forth herein.

115. Admit.

116. Admit Plaintiff ACEA has a valid, binding, active contract with SBAC, under which the ACEA bargained for and secured SBAC's agreement to collect

voluntary membership dues of its employees via payroll deduction. Without knowledge of the remaining allegations of this paragraph.

117. Without knowledge.

118. Without knowledge.

119. Without knowledge.

## COUNT V: VIOLATION OF THE FIRST AMENDMENT
## (SECTION 3 OF SB 256)

120. SBAC incorporates and re-alleges its responses to paragraphs 1-9, 11-13, 15-27, 29-40, 45-47 50-57, 74-84 above by reference as if fully set forth herein.

121. Without knowledge.

122. Without knowledge.

123. Without knowledge.

## COUNT VI: VIOLATION OF THE FOURTEENTH AMENDMENT
## (SECTION 3 OF SB 256)

124. SBAC incorporates and re-alleges its responses to paragraphs 1-9, 11-13, 15-27, 29-40, 45-47 50-57, 74-84 above by reference as if fully set forth herein.

125. Without knowledge.

126. Without knowledge.

127. Without knowledge.

128. Without knowledge.

## COUNT VII: VIOLATION OF ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION (SECTION 4 OF SB 256)

129. SBAC incorporates and re-alleges its responses to paragraphs 1-9, 11-13, 15-27, 29-40, 48-57, 85-95 above by reference as if fully set forth herein.

130. Admit Plaintiff ACEA has a valid, binding, active contract with SBAC, under which the ACEA bargained for and secured SBAC's agreement to collect voluntary membership dues of its employees via payroll deduction. Without knowledge of the remaining allegations of this paragraph.

131. Without knowledge.

132. Without knowledge.

133. Without knowledge.

134. Without knowledge.

All allegations not specifically admitted to herein are denied.

### AFFIRMATIVE DEFENSES

### First Defense

SBAC's compliance with duly enacted legislation creates no liability or responsibility on its behalf.

### Second Defense

SBAC is an agency or subdivision of the State and therefore is entitled to sovereign immunity, subject only to the limited waiver of that immunity provided by Section 768.28, Florida Statutes.

### Third Defense

SBAC is an agency or subdivision of the State and therefore, as a sovereign, is immune from suit by its citizens under long-standing common law principles. Hans v. Louisiana, 134 U.S. 1, 21 (1890).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this August 17, 2023, a true and correct copy of the foregoing was served via the Court's CM/EFC system to all counsel of record.

**WEISS SEROTA HELFMAN COLE + BIERMAN, P.L.**

_____
David M. Delaney
Florida Bar No.: 121060
ddelaney@wsh-law.com
Secondary:
    lcampbell@wsh-law.com
    lpaz@wsh-law.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Attorney for SCHOOL BOARD OF ALACHUA COUNTY