# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

ALACHUA COUNTY EDUCATION ASSOCIATION, *et al.*,

  *Plaintiffs,*

 v.

DONALD J. RUBOTTOM, in his official capacity as chair of the Florida Public Employees Relations Commission, *et al.*,

  *Defendants.*

Case 1:23-cv-00111-MW-HTC

**PERC DEFENDANTS' RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY PURSUANT TO L.R. 7.1(J)**

 PERC Defendants respond to Plaintiffs' supplemental authority. *See KEA v. Link*, No. 23-CI-00343 (Ky. Cir. Ct. Aug. 30, 2023). Plaintiffs argue *Link* applies to the "means-ends-fit" analysis of their Contracts Clause claim even though *Link* addressed only the Equal Protection Clause. *Link* is inapplicable for three reasons.

 ***First,*** Contracts Clause tailoring turns on whether the law "advance[s] 'a significant and legitimate public purpose.'" *Sveen v. Melin*, 138 S. Ct. 1815, 1817 (2018). Does the law's purpose justify the

1

contractual impairment at issue? The analysis is not, as Plaintiffs would have it, whether the state should have *also* impaired *other* contracts (such as those involving public-safety unions). So the fact that Florida treats unions with certain classes of employees differently than others is irrelevant to Plaintiffs' motion. That is a question for an Equal Protection Clause claim, which Plaintiffs have alleged but notably have not included in their motion.

**Second,** the *Link* plaintiffs relied on the fact that Kentucky's distinction between unions "does not turn on a distinction found elsewhere in Kentucky law." Slip Op. 12. But that distinction has been a bedrock of Florida policy for over 50 years. Dkt. 80, at 36-37.

**Third**, any "means-ends-fit" analysis turns on the precise justifications the government proffers. Kentucky thought public-safety unions were "more focused on the unique challenges those employees face, as opposed to labor organizations advocating on behalf of a larger class of employees with jobs that do not carry similar concerns or risks." Slip Op. 12. In other words, Kentucky thought unions with public-safety employees were doing a better job than other unions. *Id.* The court

rejected that interest because the two "groups [were] performing the same services." *Id.*

On the other hand, SB256 serves Florida's interest in avoiding labor strife for first responders because they are essential to public safety. *See* Dkt. 41, at 7-9. The law also recognizes that public-safety employees typically work long shifts that keep them away from "one centralized location" where, unlike other public employees, they could readily meet with union representatives to pay their dues. *Id.* These different interests render *Link*'s tailoring analysis inapplicable.

3

4

Dated: September 1, 2023

Amber S. Nunnally
Florida Bar No. 109281
amber@lawsonhuckgonzalez.com
Jason Brent Gonzalez
Florida Bar No. 146854
jason@lawsonhuckgonzalez.com
LAWSON HUCK GONZALEZ PLLC
215 S Monroe St., Ste. 320
Tallahassee, FL 32301
(850) 241-1717

Respectfully submitted,

 */s/ Bryan Weir* 
Jeffrey M. Harris*
Bryan Weir*
David Rosenthal*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
bryan@consovoymccarthy.com
david@consovoymccarthy.com

*Admitted *pro hac vice*

*Counsel to the PERC Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(J), undersigned counsel for the Defendants certifies that the foregoing PERC Defendants' Response to Notice of Supplemental Authority consists of 350 words.

*/s/ Bryan Weir*
Bryan Weir

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically filed the foregoing via CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Bryan Weir*
Bryan Weir
